JOHN S. ABBOTT *versus* DAVID JACOBS.

The direction, "Mr. Officer, attach suf't," indorsed upon a writ, although it is not signed, is sufficient.

To render the officer liable for his neglect to attach property, it is not necessary that the execution should be put into the officer's hands, within thirty days after the rendition of judgment, if, before judgment, the debtor had become insolvent and had no property.

EXCEPTIONS from the ruling of APPLETON, J.

THIS was an action on the CASE, against the defendant, as an officer, for neglecting to attach property on the plaintiff's writ against one *Leadbetter*, and was submitted to APPLETON, J., presiding at *Nisi Prius*, reserving the right to exceptions.

The direction indorsed upon the original writ was, "Mr. Officer, attach suf't," but was not signed. The officer made no return of property attached. Evidence was introduced to prove that, at the time, Leadbetter had attachable property much exceeding in value the amount which the officer was directed in the writ to attach.

Before judgment in that action, Leadbetter had failed, disposed of his property, and left the State. The execution which issued when judgment was rendered was not put into the hands of an officer.

The Court ordered judgment for the plaintiff. The defendant excepted.

*Abbott, pro se.*

*Stewart*, for the defendant.

The opinion of the Court was drawn up by

DAVIS, J. — The direction to the officer to attach property was sufficient. 19 Maine, 310. He having neglected to make any attachment, and the debtor having become insolvent before the judgment was recovered, it was not necessary to put the execution in his hands within thirty days, or

to have an officer's return that the debtor had no property. The liability has no analogy to that of the indorser of a writ. ·                                        *Exceptions overruled.*

TENNEY, C. J., RICE, APPLETON, MAY and GOODENOW, JJ., concurred.